UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
Case No. 06-CVS-_____

| ANDRELL MCCRAY, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| UNITED LEGAL CORPORATION, | ) ) ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff, through counsel, hereby alleges as follows:

### THE PARTIES

1. Plaintiff **Andrell McCray** is a natural person who resides in the City of Fayetteville, County of Cumberland, State of North Carolina

2. Defendant **United Legal Corporation** is a Florida corporation which may be served with process through its registered agent, Corporation Service Company, 327 Hillsborough Street, Raleigh NC 27603, or through its principal office address at 9000 Regency Square, Ground Floor, Jacksonville FL 32211.

3. On information and belief, Defendant actually collects debts due another.

### JURISDICTION

4. Jurisdiction of this Court arises under 28 U.S.C. § 1331, 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1367. This Court also has supplemental jurisdiction over any state law claims because they arise from a common nucleus of operative facts.

5. This case is brought within one year of the violation in compliance with the statute of limitations at 15 U.S.C. § 1692k(d).

6. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and/or the Defendant transacts business here.

7. These proceedings are instituted to recover actual and statutory damages, reasonable attorney's fees and costs of suit due to Defendants' violations all of which occurred within one year from the filing date of this Complaint.

## FACTUAL ALLEGATIONS

8. Plaintiff is a Private First Class in the United States Army and has served honorably for four years.

9. Upon information and belief, during the pertinent times Defendant was not a licensed debt collector in North Carolina and its name did not appear on the list of licensed debt collectors available from the North Carolina Department of Insurance.

10. Nonetheless, despite not being licensed, on or about August 25, 2006, Defendant telephoned Plaintiff on duty calling his cell number during his lunch break on duty, harassing him in an attempt to collect on an underlying purported "payday loan" debt.

11. Upon information and belief, Defendant has not provided anything in writing to Plaintiff pertaining to this debt.

12. Payday lending is illegal in our State.

13. Prior to 1997, payday lending was illegal in North Carolina. A 1992 North Carolina Attorney General's opinion concluded that payday lending violated the North Carolina Consumer Finance Act (G.S. § 53-164, *et seq.*) and the North Carolina criminal law (G.S. § 14-107(b)). This opinion, 60 N.C.A.G. 86 (1992), was reflected as

an annotation to G.S. § 53-166 in the published North Carolina General Statutes (West Publishing Company/Lexis).

14. On August 7, 1997, the North Carolina General Assembly adopted and enacted into law Chapter 391 of the 1997 Session Laws, authorizing and regulating the payday "Check-Cashing Businesses." Former G.S. § 53-281 was one of the statutes enacted by Chapter 391, and allowed the practice of payday lending, otherwise known as deferred deposit check cashing.

15. Former G.S. § 53-281 became effective on October 1, 1997. The law was enacted on an experimental basis to determine how payday companies offered their services and how it affected customers. Chapter 391 of the 2001 Session Laws provided that § 53-281 was subject to an expiration or "sunset" date of July 31, 2001.

16. Under the 1997 Session Law enacting it, G.S. § 53-281 was to expire on July 31, 2001. On July 31, 2001, the General Assembly enacted, and Governor Easley approved, a one-month extension of the expiration date or "sunset" of G.S. § 53-281.

17. On July 31, 2001, the North Carolina Commissioner of Banks released an "Urgent Memo" addressed to "[a]ll check-cashing business licensees who are engaged in 'payday lending.'" This memorandum advised the licensees that the sunset of G.S. § 53-281 had been extended by one month. This memorandum also advised licensees that they should monitor developments in the General Assembly and should "prepare to cease all payday loans after August 31, 2001, if the law is not re-enacted."

18. On August 30, 2001, the North Carolina Commissioner of Banks released a second "Urgent Memo" to "[a]ll check-cashing business licensees now engaged in 'payday lending.'" This memorandum stated in part that "N.C.G.S. § 53-281 will expire

3
Case 4:06-cv-00192-F   Document 1   Filed 09/11/06   Page 3 of 7

on Friday, August 31, 2001, and there is no lawful basis for 'payday lending' without such a law."

19. The payday lending industry lobbied the North Carolina General Assembly extensively seeking action from it that would re-enact G.S. § 53-281 or extend its expiration date to some date after August 31, 2001. However, G.S. § 53-281 was not re-enacted nor was its expiration date further extended. No other law authorizing payday lending or "delayed deposit" check cashing was enacted, or has since been enacted, in North Carolina.

20. With the expiration of the law authorizing delayed deposit checks and fees for such arrangements, payday lending came to be unlawful under the North Carolina statutes that had formerly prohibited payday lending.

21. Accordingly, Defendant has sought to collect on an underlying debt that is not authorized by law.

## COUNT ONE
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

22. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

23. Plaintiff is a "consumer" as that term is defined by the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), *see* 15 U.S.C. § 1692a(3).

24. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

25. Defendant unlawfully contacted the Plaintiff as a purported debt collector while actually unlicensed to do so in North Carolina.

26. Defendant has sought to collect on an underlying debt that is not authorized by law. This conduct is illegal under 15 U.S.C. § 1692f(1), prohibiting the collection of any amount not authorized by the underlying agreement or the law.

27. Defendant failed to send the requisite notice in writing to Plaintiff within five days of its first contact with Plaintiff on August 25, 2006, a violation of the law, *see* 15 U.S.C. § 1692g(a)(3) and § 1692g(a)(4).

28. Upon information and belief, the omission of the required notification in the July 25, 2006 letter represents a pattern and practice of noncompliance with the FDCPA, as do the other violations alleged herein.

29. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1), statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A), and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

**COUNT TWO**
**VIOLATION OF THE NORTH CAROLINA DEBT COLLECTION STATUTES**

30. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

31. Defendant operated a collection agency business doing business in this State without the license permit required by N.C. Gen. Stat. §§ 58-70-1 & 58-70-5.

32. Doing business without such a permit is a Class I felony. N.C. Gen. Stat. §§ 58-70-1.

33. Defendant is a collection agency as defined by N.C. Gen. Stat. § 58-70-15(a).

34. Defendant violated N.C. Gen. Stat. § 58-70-95(8) by threatening to take any action not permitted by law, *i.e.*, attempting to collect on a debt when a) unlicensed, and b) the debt is itself founded upon an unlawful payday loan.

35. Defendant's conduct was deceptive and unconscionable within the meaning of N.C. Gen. Stat. § 58-70-110 and N.C. Gen. Stat. § 58-70-115.

36. Defendant otherwise violated N.C. Gen. Stat. §§ 58-70-1 to 58-70-130, and/or §§ 75-50 to 75-56, and accordingly the Plaintiff is entitled to recovery of a civil penalty up to two thousand dollars under N.C. Gen. Stat. § 58-70-130(b), and reasonable attorney's fees under Chapter 75 and N.C. Gen. Stat. § 58-70-130(c).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant:

1. for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant;

2. for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against Defendant;

3. for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant;

4. for an award of statutory damages of $2,000.00 pursuant to N.C. Gen. Stat. § 75-56 and N.C. Gen. Stat. § 75-1.1 *et seq.*, as well as any attorneys fees available thereunder;

5. for an award of the costs of suit, any discretionary costs as may be allowable by law, pre-judgment and post-judgment interest; and

6. for an award of such other and further relief as the Court deems just and proper under the circumstances.

Respectfully submitted, this the 8th day of September, 2006.

                                                <u>s/ John S. Hughes</u>
                                                Mona Lisa Wallace, Esq.
                                                N.C. State Bar No. 9021
                                                John Hughes, Esq.
                                                N.C. State Bar No. 22126
                                                Wallace & Graham, P.A.
                                                525 N. Main Street
                                                Salisbury, NC  28144
                                                Phone: 704-633-5244
                                                Fax:  704-633-9434

OF COUNSEL:

Angela Martin, Esq.
Office of the Staff Judge Advocate
XVIII Airborne Corps & Fort Bragg
Fort Bragg, NC 28310-5000
N.C. State Bar No. 34951
Phone:  910 396 6113